UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALLEN CROSBY                                                              CIVIL ACTION

VERSUS                                                                         NO.  14-836

BURL CAIN, WARDEN                                                   SECTION "F"(2)

### ORDER AND REASONS

This matter is before the court on an application from Allen Crosby for leave to file a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 challenging Crosby's 1979 Orleans Parish conviction and sentence for aggravated rape.[1]  In the proposed petition, Crosby argues that he received ineffective assistance of counsel because his trial counsel was not prepared for trial or to challenge the State's evidence and his appellate counsel failed to raise deficiencies in trial counsel's performance on appeal.[2]  Crosby asserts that the Louisiana Supreme Court, in the last reasoned opinion in the state courts, denied relief on these claims as procedurally barred for seeking untimely post-conviction relief, citing La. Code Crim. P. art. 930.8, State ex rel. Glover v. State, 660 So.2d 1189 (1995) and La. Code Crim. P. art. 930.4(D).  Crosby now seeks leave to file this federal habeas petition asserting the two procedurally barred ineffective assistance of counsel claims.

---

[1]Application for Leave to File, p. 5.

[2]Proposed Petition, p. 5, 19.

Crosby is required to seek leave to file this petition because of the 1995 order issued by this court restricting his ability to do so. In addition, under 28 U.S.C. § 2244, Crosby must have authorization from the circuit court to file a second or successive petition. Crosby has not complied with either requirement and his application for leave is therefore **DENIED**.

I.   ORDER RESTRICTING ABUSIVE FILINGS

Crosby has previously filed eight habeas petitions in this court challenging the same 1979 conviction and sentence.[3] His history of abusive filings resulted in imposition

---

[3]The following is a brief summary of the dispositions of each of Crosby's prior eight habeas petitions, including the last three applications for leave to file that are similar to the one presently before the court.
1.   C. A. No. 85-0682"K"(6). The petition was dismissed with prejudice by order issued on May 2, 1985, and judgment issued October 23, 1985. The district court denied the request for issuance of a certificate of probable cause on December 10, 1985, as did the United States Fifth Circuit Court of Appeals on February 2, 1986.
2.   C. A. No. 88-5706"K"(6). The petition was dismissed with prejudice by order issued on May 26, 1989, and judgment issued May 31, 1989. The district court denied Crosby's request for issuance of a certificate of probable cause on July 19, 1989. The judgment was affirmed by the Fifth Circuit on February 29, 1989.
3.   C. A. No. 91-2799"K"(6). The petition was dismissed with prejudice as successive pursuant to Rule 9(b) of the Rules Governing Section 2254 Cases on September 24, 1991.
4.   C. A. No. 93-4023"K"(6). The petition was dismissed with prejudice on February 7, 1994, as successive under Rule 9(b).
5.   C. A. No. 95-1523"F"(6). The petition was dismissed with prejudice on September 26, 1995, as successive under Rule 9(b). A restricted filing order was issued by the district judge on September 29, 1995, prohibiting the clerk of this court from accepting any of Crosby's future habeas petitions for filing without prior approval of a district judge or magistrate judge upon a showing of good cause.
6.   C. A. No. 96-1105"F"(6). The district judge denied Crosby's application for leave to file a new petition on April 2, 1996, and ordered the clerk to return the petition to Crosby.
7.   C. A. No. 98-2653"F"(6). The district judge dismissed the petition as successive on October 7, 1998, and denied the application for leave to file as moot. The district judge also denied Crosby's motion to reconsider the dismissal on October 27, 1998. The Fifth Circuit dismissed Crosby's appeal as frivolous

of two now-satisfied monetary sanctions against Crosby by the United States Fifth Circuit Court of Appeals and the issuance of an order by this court in 1995 restricting him from filing subsequent habeas petitions. Specifically, after dismissing Crosby's fifth and abusive habeas petition in 1995, Judge Feldman entered an order that provides in relevant part:[4]

> **IT IS ORDERED** that the Clerk of Court shall not accept for filing any petition for writ of <u>habeas corpus</u> under 28 U.S.C. § 2254 naming Allen Crosby as a petitioner and asserting claims arising out of his 1979 state court conviction for aggravated rape unless and until the petitioner first files with the Clerk an application for leave, bearing the caption "Application Seeking Leave to File." The application for leave shall include a copy of this Minute Entry and shall include a signed declaration under penalty of perjury by Allen Crosby describing facts meeting the requirements of cause and prejudice or establishing a fundamental miscarriage of justice.
>
> **IT IS FURTHER ORDERED** that any such <u>habeas corpus</u> petition shall not be filed without prior written authorization from a United States District Judge or United States Magistrate Judge upon the showing of

---

on May 14, 1999, sanctioned Crosby $105 and ordered that all courts in the circuit refuse to file any of his cases or motions for leave to file until he submitted proof that he satisfied the sanction.

8.   C. A. No. 00-0367"F"(6). The assigned magistrate judge issued a report recommending that Crosby's application for leave to file a new habeas petition be denied because the petition sought repetitive and successive relief and was submitted for filing without authorization from the Fifth Circuit under 28 U.S.C. § 2244 as required by federal law. The district judge adopted the report and denied the application for leave to file on April 14, 2000, and denied Crosby's request for issuance of a certificate of appealability. The Fifth Circuit also denied issuance of a certificate of appealability. The court also indicated in its August 2, 2000 order that Crosby satisfied the sanctions previously imposed in 1999. The court, however, sanctioned him $210 for bringing another frivolous proceeding and again ordered that no court accept for filing any of his petitions or motions for leave to file until the sanction was paid. According to the letter from the clerk of the Fifth Circuit dated April 15, 2005, Crosby paid the sanction in full.

[4]C. A. No. 95-1523"F"(6), Rec. Doc. No. 14.

>evidence supporting the claim as the judge may required in connection with the Application Seeking Leave to File.

In the current instance, Crosby has presented the required application along with his proposed habeas petition. However, even setting aside the state procedural bar and the untimeliness of his petition under federal law, Crosby has <u>not</u> established cause, prejudice or a fundamental miscarriage of justice sufficient to allow him to file this petition.

As the law existed in 1995, the bar to abusive habeas filings could be overcome by a petitioner's showing of cause, prejudice and a fundamental miscarriage of justice. <u>Schlup v. Delo</u>, 513 U.S. 298, 318-19 (1995). The application of cause and prejudice to successive and abusive claims or petitions conformed to the federal courts' treatment of procedurally defaulted claims. <u>Schlup</u>, 513 U.S. at 318-19; <u>see</u> <u>McCleskey v. Zant</u>, 499 U.S. 467, 490-91 (1991) ("The doctrines of procedural default and abuse of the writ implicate nearly identical concerns flowing from the significant costs of federal habeas corpus review"). These are the standards referenced in this court's 1995 order.

To excuse a petitioner's failure to assert the claim in an earlier petition, he must show some external cause unattributable to him for failing to raise it. <u>McCleskey</u>, 499 U.S. at 494, 498; <u>Coleman v. Thompson</u>, 501 U.S. 722, 753 (1991). To show prejudice, a petitioner must demonstrate a reasonable probability that, but for the alleged error, the result of the proceeding would have been different. <u>Sawyer v. Whitley</u>, 505 U.S. 333,

363-64 (1992) (citing Strickland v. Washington, 466 U.S. 668, 694 (1984)). Even if a petitioner cannot meet the cause and prejudice standards, a federal court could consider the successive claims if the failure to do so would constitute a miscarriage of justice; that is, the petitioner must demonstrate his actual innocence. Sawyer, 505 U.S. at 339.

Crosby has not shown cause for his delay. In the proposed petition, Crosby asserts ineffective assistance of trial and appellate counsel claims 35 years after his trial and conviction. He does not base his claims on any new law or any newly discovered facts. Instead, he makes claims based on matters that would have been discoverable from the state court records decades ago. In fact, part of Crosby's argument regarding appellate counsel is that trial counsel's deficient performance "was obvious and must have leaped out even upon a casual reading of Petitioner's trial transcript."[5] Crosby has presented no cause for his own delay in failing to notice such "obvious" errors, and no cause is apparent from the pleadings, other than Crosby's own lack of diligence.

Moreover, Crosby fails to assert any prejudice that would arise if the court fails to consider his claims. The fundamental premise underlying his claims against both trial and appellate counsel is trial counsel's failure to challenge the grand jury indictment, which contained only one of the charges for which he was arrested, although evidence of his forced entry or burglary that led to the rape was presented at trial. It is

---

[5]Proposed Petition, p. 26.

incomprehensible that a criminal defendant like Crosby or any competent counsel would seek to challenge an indictment because it <u>failed</u> to include <u>more</u> charges than the district attorney accepted and the grand jury returned. <u>See</u> <u>Smith v. Puckett</u>, 907 F.2d 581, 585 n.6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim."); <u>Koch v. Puckett</u>, 907 F.2d 524, 530 (5th Cir. 1990) (concluding that "counsel is not required to make futile motions or objections.").

Even if by some stretch of the imagination counsel should have challenged the indictment, Crosby cannot show any prejudice resulting from counsel's failure or from a court's refusal to review a collateral attack based on counsel's performance. <u>See</u> <u>Pickney v. Cain</u>, 337 F.3d 542, 545 (5th Cir. 2003) (addressing prejudice in terms of ineffective assistance of counsel to avoid a procedural default). Even if Crosby's counsel had filed a successful motion to quash the indictment, the State would have undoubtedly sought and obtained a second indictment, perhaps with the burglary charges included, and there is no showing that the result of the trial would have been any different. <u>See</u> <u>Brown v. Cain</u>, 337 F.3d 546, 550 n.5 (5th Cir. 2003), <u>cert. denied</u>, 540 U.S. 117 (2004); <u>Pickney</u>, 337 F.3d at 545 ("[W]e have no doubt that, if [petitioner] had been successful in having his indictment quashed, the State of Louisiana would have sought and obtained a second indictment"); <u>Merridith v. Cain</u>, No. 04-1227, 2006 WL 2054446 at *8 (W.D. La. Jun. 29, 2006) (report and recommendation adopted by district judge).

Finally, Crosby does not argue and has presented nothing that would establish his actual innocence. His challenge to his conviction is procedural in nature and does not reflect actual innocence of the aggravated rape. Crosby therefore has failed to identify any fundamental miscarriage of justice that would occur if this – his ninth federal habeas – petition is not filed and considered by this court. For these reasons, Crosby has presented no basis to overcome the court's 1995 order restricting him from filing further habeas petitions.

## II.   JURISDICTION OF A SECOND OR SUCCESSIVE FEDERAL PETITION

Since issuance of this court's order in 1995, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2244, which now requires that a petitioner obtain authorization from the circuit court to file a second or successive habeas petition. The AEDPA went into effect on April 24, 1996,[6] and, contrary to Crosby's argument, applies to all habeas petitions submitted for filing after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).

---

[6] The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

Under the current law, 28 U.S.C. §§ 2244(b)(1) and (2) provide that a district court must dismiss any new or previously asserted claim presented in a second or successive Section 2254 habeas corpus petition. Any second or successive federal habeas claim or petition must first be submitted to the appropriate federal appeals court, which may grant or deny leave to file it in the district court, <u>before</u> it may be pursued in the district court. 28 U.S.C. § 2244(3).

The United States Fifth Circuit Court of Appeals has recognized that the AEDPA did not define the phrase "second or successive" in Section 2244. For guidance, the Fifth Circuit has turned to pre-AEDPA law defining those same terms under Rule 9(b) of the Rules Governing Section 2254 Cases:

> Section 2244(b) does not define "second or successive" petition. The specific language in the Act is derived from Rule 9(b), Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, which states that "[a] second or successive petition may be dismissed if . . . it fails to allege a new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, . . . the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ." Although the AEDPA's amendment to § 2244 imposes stricter requirements for "second or successive" petitions than the pre-AEDPA "abuse of the writ" standard in Rule 9(b), <u>nothing in the AEDPA affects the determination of what constitutes a "second or successive" petition.</u>

(emphasis added) (citation omitted) <u>In re Gasery</u>, 116 F.3d 1051, 1052 (5th Cir. 1997).

Federal courts recognize a distinction between permissible subsequent petitions and impermissible ones in which prisoners "repeatedly [attack] the validity of their

convictions and sentences." In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). "[T]hese repeated attacks, which often take on new forms as the legal landscape shifts, are the evil against which AEDPA is directed and the counterpoint to the rule laid out in Cain." Leal Garcia v. Quarterman, 573 F.3d 214, 221-222 (5th Cir. 2009) (citing In re Cain, 137 F.3d at 235, 236 n.1).

The Fifth Circuit has made it clear that under the AEDPA "a prisoner's application is not second or successive simply because it follows an earlier federal petition." In re Cain, 137 F.3d at 235. A later-filed petition is second or successive when it: "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." Id., 137 F.3d at 235. This provision has been described as a "modified res judicata rule" that bars claims ripe for disposition at the time the original petition was filed, but which were inexcusably not raised in that earlier petition. United States v. Orozco-Ramirez, 211 F.3d 862, 868-871 (5th Cir. 2000); Graham v. Johnson, 168 F.3d 762, 773 n.7 (5th Cir. 1999) (citing Felker v. Turpin, 518 U.S. 651, 655-58, 662-63 (1996)), cert. denied, 529 U.S. 1097 (2000). A petition containing such claims is impermissibly second or successive. Orozco-Ramirez, 211 F.3d at 868-71.

Thus, where an adjudication on the merits has occurred in a prior proceeding, a subsequent petition is considered "second or successive." Compare Graham, 168 F.3d

at 773 n.7 ("Under current law, however, it is clear that an application filed after a previous application was <u>fully adjudicated on the merits</u> is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." (emphasis added)); <u>with</u> <u>Barrientes v. Johnson</u>, 221 F.3d 741, 751 (5th Cir. 2000) (when prior petition is dismissed with<u>out</u> prejudice, subsequent filing is not successive) (citing <u>Slack v. McDaniel</u>, 529 U.S. 473, 486-87 (2000) (subsequent filing not successive when prior filing was dismissed without prejudice)), <u>cert. dism'd</u>, 531 U.S. 1134 (2001).

Under these standards, Crosby's current proposed federal habeas petition is a prohibited second or successive petition as defined under Section 2244(b). Before the petition can be filed in this court, Crosby must obtain authorization to file this second or successive petition from the United States Fifth Circuit in accordance with Section 2244(b)(3)(A), which provides in part that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Crosby has not sought or obtained this authorization. Until such time as he obtains authorization from the Fifth Circuit, this court is without jurisdiction to consider his petition. <u>Mead v. Cain</u>, 438 F. App'x 340, 341 (5th Cir. 2011) (citing <u>United States v. Key</u>, 205 F.3d 773, 774 (5th Cir. 2000)).

For this reason, I find no basis to allow Crosby to file a new petition over which this court would lack jurisdiction. It bears emphasizing that repetitive attacks like Crosby's that take on "new forms as the legal landscape shifts, are the evil against which AEDPA is directed and the counterpoint to the rule laid out in Cain." Leal Garcia, 573 F.3d at 221-222. Accordingly, **IT IS ORDERED** that Crosby's Application for Leave to File this federal habeas petition seeking relief under 28 U.S.C. § 2254 is **DENIED**.

Crosby is hereby notified that he may seek review of this order by submitting a motion to review and reconsider, setting out his written objections to this order, to the presiding district judge within fourteen (14) days after being served with a copy of this order. Failure to do so shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to order. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a).

New Orleans, Louisiana, this ___28th___ day of May, 2014.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE